FILED

06/06/2017

Clerk of the
Appellate Courts



IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
May 23, 2017 Session

## IN RE GUNNER F.[1]

**Appeal from the Juvenile Court for Maury County**
**No. 11-JV-131     George L. Lovell, Judge**

_____

### No. M2016-01650-COA-R3-JV

_____

The trial court determined that the primary residential parent should be changed from mother to father without any change in the equal division of parenting time. Because the trial court failed to address the best interest of the child in its order, we vacate and remand for the entry of findings of fact and conclusions of law.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court Vacated and Remanded**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which RICHARD H. DINKINS and W. NEAL MCBRAYER, JJ., joined.

Julie Carrell Heffington, Columbia, Tennessee, for the appellant, Kristy C.

Lewis A. Williams, Nashville, Tennessee, for the appellee, Jeffrey F.

## OPINION

Jeffrey F. ("Father") and Kristy C. ("Mother") are the parents of Gunner F., born in February 2011. In September 2012, the parents entered into an agreed order and permanent parenting plan pursuant to which Mother was the primary residential parent and they had equal parenting time with the child. As part of this agreement, no child support was set. At the time of this agreement, both parents lived in Maury County.

In May 2014, Mother and her husband moved with Gunner to Lewis County, a distance of approximately thirty miles from Father's residence in Maury County. On July

_____

[1] This Court has a policy of protecting the identity of children in juvenile cases by initializing the last names of the parties.

7, 2015, Father filed a motion to enroll the child in school (pre-kindergarten) in Maury County, and the juvenile court ordered that the child would remain in school in Maury County pending further orders of the court.

On July 20, 2015, Mother filed a petition to modify the permanent parenting plan to increase her parenting time to 261 days a year and to enroll the child in school in Lewis County. Father answered and submitted a counter-petition requesting a modification of custody to make him the primary residential parent but maintaining the same equal division of parenting time. The matter was heard on July 29, 2016, and the juvenile court entered an order on August 2, 2016 in which it found that "[t]he changed circumstance is that the child is now ready to begin school and that Mother has changed her residence from Maury to Lewis County." Because it was "Mother's decision to move," the juvenile court determined that Mother should have to bear the burden of that decision. The court amended the parties' parenting plan to name Father the primary residential parent, "who may enroll the child in school in Maury County." Mother appeals.

ANALYSIS

(1)

Father argues that this appeal should be dismissed for lack of a final order pursuant to Tenn. R. App. P. 3(a).[2] He asserts that the juvenile court's August 2, 2016 order is not a final order because it does not address the issues of child support and Father's prayer for attorney fees. We reject Father's argument because these issues were not raised in the petition on appeal. Contrary to the representation of counsel for Father at oral argument, Mother's petition does not include a prayer for child support. Moreover, Mother did not request child support at the hearing.[3] Mother did not raise the issue of child support until after she had filed her notice of appeal on August 10, 2016. On September 14, 2016, Mother filed a motion for child support with a child support worksheet. In his response opposing Mother's motion, Father requested that the court award him his attorney fees for having to defend against a frivolous motion. The issues

_____

[2] Tennessee Rule of Appellate Procedure 3(a) provides, in pertinent part:

> [I]f multiple parties or multiple claims for relief are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties.

[3] Although counsel for Father stated at the hearing that he thought Mother's proposed parenting plan included a request for child support, the child support section of Mother's proposed parenting plan is blank and she did not submit a child support worksheet.

of child support and attorney fees identified by Father were not part of the petition on appeal; we, therefore, conclude that the August 2, 2016 order on appeal is a final order.[4]

(2)

Father also argues that the juvenile court's decision is not final because the order does not contain sufficient findings of fact. Although the order is a final order, we conclude that this matter should be vacated and remanded for the entry of additional findings of fact as required by Tenn. Code Ann. § 36-6-101(a)(2)(B)(i).

When a party files a petition to modify a permanent parenting plan to change the primary residential parent, the threshold issue is whether there has been a material change of circumstances since the plan took effect. *See* Tenn. Code Ann. § 36-6-101(a)(2)(B); *Cranston v. Combs*, 106 S.W.3d 641, 644 (Tenn. 2003). In this context, "[a] material change of circumstance may include, but is not limited to, failures to adhere to the parenting plan or an order of custody and visitation or circumstances that make the parenting plan no longer in the best interest of the child." Tenn. Code Ann. § 36-6-101(a)(2)(B). "Although there are no bright-line rules" for determining whether a material change of circumstances has occurred, courts should consider: "(1) whether a change has occurred after the entry of the order sought to be modified; (2) whether a change was not known or reasonably anticipated when the order was entered; and (3) whether a change is one that affects the child's well-being in a meaningful way." *Cranston*, 106 S.W.3d at 644. Not every change in a child's life or the life of his or her parents rises to the level of a material or significant change warranting a change in his or her primary residential parent. *See Rigsby v. Edmonds*, 395 S.W.3d 728, 736 (Tenn. Ct. App. 2012) ("The fact that a child gets a year older every year, inevitable as it is, cannot be regarded on its own as inherently a material change of circumstances for purposes of altering the primary residential parent."). If the trial court finds that there has been a material change in circumstances, only then must it determine whether it is in the child's best interest to modify the parenting plan as requested. *Boyer v. Heimermann*, 238 S.W.3d 249, 259 (Tenn. Ct. App. 2007). The best interest analysis requires the court to consider the factors outlined in Tenn. Code Ann. § 36-6-106(a). *Crafton v. Roberts*, No. W2015-00048-COA-R3-CV, 2015 WL 9466011, at *7 (Tenn. Ct. App. Dec. 28, 2015).

A trial court's determinations as to "whether a material change in circumstances has occurred and whether modification of a parenting plan serves a child's best interests are factual questions." *Armbrister v. Armbrister*, 414 S.W.3d 685, 692 (Tenn. 2013). Pursuant to Tenn. Code Ann. § 36-6-101(a)(2)(B)(i), "[i]n each contested case, the court

---

[4] Because child support was not requested in Mother's petition and is not part of this appeal, we cannot consider Mother's request for child support in her appellate brief.

shall make such a finding as to the reason and the facts that constitute the basis for the custody determination."[5]

The trial court's order in this case includes the following pertinent findings:

The changed circumstance is that the child is now ready to begin school and that Mother has changed her residence from Maury County to Lewis County.[6]

. . . .

Mother testified that her move to Lewis County was because she got a good job there making a $0.66 per hour increase in pay. Additionally, it was closer to her job and her husband's job, her husband's extended family, and has lower housing costs.

The only real issue in this matter is who will have to make the 60-70 mile round trip per school day when it is their week to have the child and the child is enrolled in the other county. It is the Court's finding that Mother's move made this issue a reality. Although Mother testified that she told Father that she was thinking about moving, or that she definitely told Father she was moving, depending on whom you ask, there is no evidence that the parties ever attempted to sit down and discuss how such a move would affect the 2012 parenting plan. Since it was the Mother's decision to move, she should have reasonably foreseen that her decision would affect the Father and that increased travel time would be a factor that had to enter in her decision.

The court ordered that the permanent parenting plan be amended to make Father the primary residential parent, "who may enroll the child in school in Maury County." The court did not address the best interest analysis.

There are circumstances where, if the trial court fails to make findings of fact, the appellate court may proceed to determine where the preponderance of the evidence lies: "On occasion, when a trial judge fails to make findings of fact and conclusions of law, the appellate court 'may "soldier on" when the case involves only a clear legal issue, or when the court's decision is "readily ascertainable."'" *Pandey v. Shrivastava*, No. W2012-00059-COA-R3-CV, 2013 WL 657799, at *5 (Tenn. Ct. App. Feb. 22, 2013)

---

[5] *See also* TENN. R. CIV. P. 52.01, which states, in relevant part: "In all actions tried upon the facts without a jury, the court shall find the facts specially and shall state separately its conclusions of law and direct the entry of the appropriate judgment."

[6] The court determined, and the parties agree, that the parental relocation statute, Tenn. Code Ann. § 36-6-108, does not apply here.

(quoting *Hanson v. J.C. Hobbs Co., Inc.*, No. W2011-02523-COA-R3-CV, 2012 WL 5873582, at \*10 (Tenn. Ct. App. Nov. 21, 2012)). In *Pandey*, however, the court concluded that it could not proceed to make its own factual findings because "[d]etermining the best interest of a child is a 'fact-intensive issue,' and the basis of the trial court's decision in this case is not readily ascertainable." *Id.* (quoting *Hardin v. Hardin*, No. W2012-00273-COA-R3-CV, 2012 WL 6727533, at \*5 (Tenn. Ct. App. Dec. 27, 2012)). Similarly, in *Crafton v. Roberts*, 2015 WL 9466011, at \*8, the court found "an absence of an appropriate best interest analysis" such that there were "no factual findings that provide insight as to why the trial court reached the decision that it ultimately did." On that basis, the court vacated the trial court's order and remanded the case back to the trial court for further proceedings. *Crafton*, 2015 WL 9466011, at \*9; s*ee also Howard v. Howard*, No. E2015-00908-COA-R3-CV, 2016 WL 3910262, at \*5-6 (Tenn. Ct. App. July 13, 2016); *In re Teven A.*, No. M2013-02519-COA-R3-JV, 2014 WL 7419292, at \*5-6 (Tenn. Ct. App. Dec. 29, 2014) (vacating and remanding modification decisions for findings of fact and conclusions of law).

In this case, the trial court did not mention best interests at all in its order.[7] Therefore, this Court cannot discern whether the trial court considered that part of the two-step modification analysis. Because the trial court's August 2, 2016 order does not include any findings regarding best interests, this Court must vacate the trial court's order and remand for the entry of findings of fact and conclusions of law in accordance with Tenn. Code Ann. § 36-6-106(a)(2)(B)(i), based upon the hearing held on July 29, 2016.

CONCLUSION

The judgment of the trial court is vacated, and this matter is remanded with costs of appeal assessed against the appellee, Jeffrey F. Execution may issue if necessary.

_____
ANDY D. BENNETT, JUDGE

---

[7] The juvenile court took the matter under advisement after the hearing and did not issue an oral ruling.